**UNITED STATES of America, Plaintiff,**

**v.**

**Allan Gregg ANDERSON, Defendant.**

**No. CR91–109R.**

United States District Court,
W.D. Washington,
at Seattle.

April 22, 1992.

Bruce Carter, Office of U.S. Atty., Seattle, Wash., for plaintiff.

Stephen B. Sadowsky, Los Angeles, Cal., John Wolfe, Seattle, Wash., for defendant.

## ORDER REGARDING INQUIRY BY SPECIAL COUNSEL INTO POTENTIAL CONFLICTS OF INTEREST

ROTHSTEIN, Chief Judge.

THIS MATTER comes before the court following special counsel's filing of his report regarding the potential conflicts of interest of counsel for defendant. Having reviewed the report, together with all relevant documents in the file, the court rules as follows:

## I. FACTUAL BACKGROUND

Defendant Allan Gregg Anderson, former vice-president and plant manager at VSI's Chatsworth plant, is charged with conspiracy, mail fraud and causing the making of false statements to the government in connection with his alleged responsibility for quality control frauds in the manufacture of aerospace fasteners from 1978 through early 1989.

Mr. Anderson and other former VSI–Chatsworth employees, some of whom are expected to be government witnesses in Mr. Anderson's trial, have entered into a joint defense agreement. Typically, parties to such agreements exchange confidential information that is privileged from disclosure. On September 19, 1991, this court

held a hearing regarding whether Mr. Anderson's participation in the joint defense agreement gave his current counsel, Stephen Sadowsky and Robert Talcott, access to confidential information from some of these potential witnesses that they would not be able to use on cross-examination, thereby giving them a potential conflict of interest perhaps warranting disqualification. At the hearing, the court concluded that Mr. Anderson knowingly and intelligently waived his right to counsel with undivided loyalties and permitted Mr. Sadowsky and Mr. Talcott to continue to represent him. Transcript of September 19, 1991, hearing at 15–16. Subsequently, the government raised two other potential conflicts: (1) the implications of payment of defense counsel's attorneys fees by a third party, VSI's parent company, Fairchild Industries, to which defense counsel may have some loyalties; and (2) the use of facts gained only through confidential communications.

In a December 10, 1991, order, the court appointed John Wolfe, local counsel for Mr. Anderson, as special counsel to conduct an inquiry into these additional potential conflicts of interest and to report to the court regarding his findings. Mr. Wolfe submitted his report, which the court has directed be filed under seal, for this court's *in camera* review on April 16, 1992. The court has now reviewed Mr. Wolfe's report and is prepared to discuss again the potential conflicts of interest of Mr. Sadowsky and Mr. Talcott. Trial in this matter is set for Monday, May 4, 1992.

## II.  DISCUSSION

■ The Sixth Amendment right to effective assistance of counsel requires that a defendant be represented by counsel whose loyalties are undivided. *United States v. Partin*, 601 F.2d 1000, 1006 (9th Cir.1979), *cert. denied*, 446 U.S. 964, 100 S.Ct. 2939, 64 L.Ed.2d 822 (1980). Representation by counsel with an actual conflict of interest is constitutional error and re-

quires automatic reversal. *United States v. Allen*, 831 F.2d 1487, 1494–95 (9th Cir. 1987). While a defendant may waive the right to representation by counsel free of undivided interests in order to retain the counsel of his choice, the waiver must be voluntary and intelligent and need not be accepted by the court. *United States v. Rewald*, 889 F.2d 836, 857–58 (9th Cir. 1989).

■ In the course of his inquiry, Mr. Wolfe discussed with Mr. Anderson at length the potential conflicts arising both from Mr. Sadowsky's and Mr. Talcott's fees being paid by Fairchild Industries, VSI's parent corporation, and from the limitation on Mr. Anderson's counsel's use of information gathered only through the joint defense agreement. Mr. Wolfe states in his report that Mr. Anderson understands these potential conflicts and wishes to continue to be represented by Mr. Sadowsky and Mr. Talcott.

Mr. Wolfe also inquired at length into the nature of the joint defense agreement, the identity of the parties to the agreement and the kind of information exchanged pursuant to the agreement. Mr. Wolfe concluded that the information, if any, exchanged pursuant to the agreement would not affect Mr. Sadowsky's and Mr. Talcott's ability to cross-examine witnesses who also are parties to the agreement. In fact it appears that, given the limited scope of the agreement and the minimal role it has played in preparation of the case, little, if any, information was exchanged requiring confidentiality under the terms of the agreement. The court has reviewed Mr. Wolfe's conclusions, as well as the extensively documented information on which they were based,[1] and agrees that Mr. Anderson's counsel's participation in the joint defense agreement does not present a conflict of interest for their representation of Mr. Anderson.

---

**1.** As a part of his inquiry, and at the direction of the court, Mr. Wolfe submitted written interrogatories to each of the individuals listed on the joint defense agreement and to each individual's attorney to determine their interpretation of the joint defense agreement. These interrogatories also have been filed under seal.

Nonetheless, on the first day of trial, the court again will inquire of Mr. Anderson, on the record, whether he wishes to waive any potential conflict based on payment of his attorneys fees by a third party and based on the fact that his counsel may not use or seek to elicit from witnesses information obtained solely under the joint defense agreement. The court will conduct this inquiry at 9:30 a.m., Monday, May 4, 1992, prior to *voir dire.*

It is hereby ORDERED, ADJUDGED and DECREED that:

(1) the court concurs with special counsel's finding that participation in the joint defense agreement does not create a conflict of interest in Mr. Sadowsky's and Mr. Talcott's representation of Mr. Anderson; and

(2) the court will conduct a brief hearing on the issues referred to in this order on Monday, May 4, 1992, at 9:30 a.m.